**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MARY PRZYTULA and BRAD BREDE, individually and on behalf of all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>          **v.**<br><br>**BED BATH & BEYOND INC.,**<br><br>    **Defendant.** | **Case No.:**<br><br><br>**CLASS AND COLLECTIVE ACTION  COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Mary Przytula ("Przytula" or the "Illinois Plaintiff") and Brad Brede ("Brede" or the "New York Plaintiff") individually and on behalf of all others similarly situated, by their attorneys Outten & Golden LLP, Shavitz Law Group, P.A., and Shulman Kessler LLP, allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated individuals who have worked as Assistant Store Managers or in comparable roles with different titles (collectively, "ASMs") for Bed Bath & Beyond, Inc. ("BBB") anywhere in the United States of America.

2.      Plaintiffs bring this action to recover unpaid overtime compensation for themselves and similarly situated employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.      Plaintiff Przytula brings this action to recover unpaid overtime compensation for herself and similarly situated Illinois employees as a Fed. R. Civ. P. 23 class action under the

Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (collectively, the "Illinois Wage Laws").

4.  Plaintiff Brede brings this action to recover unpaid overtime compensation for himself and similarly situated New York employees as a Fed. R. Civ. P. 23 class action under the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

5.  BBB is an American-owned retail chain operating over 1,000 stores across all 50 states, the District of Columbia, Puerto Rico, and Canada,[1] including over 20 stores in Illinois and 30 in New York.[2]

6.  BBB staffs its retail stores leanly to minimize labor costs, and strictly manages hours worked by non-exempt, hourly associates to avoid paying them overtime. To compensate, BBB relies heavily on their salaried ASMs to perform much of the manual labor and customer service work that must be done in the stores each day. These ASMs are typically scheduled for at least five 10-hour shifts each week. Because of BBB's scheduling and staffing model, ASMs regularly work over 40 hours per workweek.

7.  Although BBB labels ASMs as "managers," and classifies them as overtime-exempt "executives" under federal and state law, ASMs are not primarily responsible for true management functions. To the contrary, ASMs spend the vast majority of their time performing the same duties as non-exempt, hourly associates. ASMs' primary duties, which occupy the majority of their time, are providing customer service and stocking Defendant's floor-to-ceiling displays and shelves.

---

[1] Bed Bath & Beyond Inc., Reports Results for Fiscal 2016 Fourth Quarter and Full Year, https://www.sec.gov/Archives/edgar/data/886158/000117184317002300/f10k_042517p.htm (last accessed May 18, 2017).

[2] Bed Bath & Beyond Inc., Store Locator, https://www.bedbathandbeyond.com/store/selfservice/ FindStore (last accessed May 12, 2017).

8.      The primary duties of the ASM position do not vary among Defendant's stores.

9.      Throughout the relevant period, Defendant's policy across its stores has been to uniformly classify ASMs as exempt from federal and state overtime provisions and not pay ASMs any overtime wages.

10.     Defendant willfully violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and state wage and hour laws by failing to pay ASMs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

## THE PARTIES

### *Plaintiff Mary Przytula*

11.     Plaintiff Deborah Przytula is an adult individual who is a resident of Palatine, Illinois.

12.     Przytula was employed by Defendant as an ASM from approximately April 2014 through approximately April 2016 primarily in Defendant's store located in Shambaugh, Bollingbrook, Chicago Ridge, Kildaire, and Mt. Prospect, Illinois.

13.     Pursuant to Defendant's policy, pattern, and/or practice, Przytula regularly worked more than 40 hours in a workweek, and typically worked more than 45 or 55 hours per week, but was not paid overtime wages during these workweeks for the hours she worked in excess of 40.

14.     At all relevant times, Przytula was a covered employee within the meaning of the FLSA and the Illinois Wage Laws.

15.     A written consent form for Przytula is attached as part of Exhibit A.

### *Plaintiff Brad Brede*

16.     Plaintiff Brad Brede is an adult individual who is a resident of Hauppauge, New York.

17.     Brede was employed by Defendant as an ASM from approximately January 2016 through approximately November 2016 primarily in Defendant's stores located in Westbury and Sayville, New York.

18.     Pursuant to Defendant's policy, pattern, and/or practice, Brede regularly worked more than 40 hours in a workweek, and typically worked more than 45 or 55 hours per week, but was not paid overtime wages during these workweeks for the hours he worked in excess of 40.

19.     Throughout Brede's employment as an ASM, Defendant failed to provide him with an accurate wage statement each pay period.

20.     At all relevant times, Brede was a covered employee within the meaning of the FLSA and the NYLL.

21.     A written consent form for Brede is attached as part of Exhibit A.

***Defendant***

22.     BBB is a publically-traded New York corporation with a principal place of business in Union, New Jersey.

23.     At all relevant times, Defendant was an "employer" within the meaning of the FLSA, Illinois Wage Laws, and the NYLL.

24.     Throughout the relevant period, Defendant employed and/or jointly employed Plaintiffs and other ASMs within the meaning of the FLSA, Illinois Wage Laws, and the NYLL. Defendant had substantial control over Plaintiffs' and other ASMs' working conditions and the unlawful policies and practices alleged herein.

25.     At all times relevant, Defendant maintained control, oversight, and direction over Plaintiffs and other ASMs, including timekeeping, payroll, and other employment practices that applied to them.

26.     Defendant applies the same employment policies, practices, and procedures to all ASMs.

27.     At all times relevant, Defendant's annual gross volume of sales made or business done exceeded $500,000.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

29.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

30.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

31.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts a substantial amount of business in this District, owns and/or operates stores in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

32.     Throughout their employment with Defendant, Plaintiffs and other ASMs regularly worked in excess of 40 hours per week.  Plaintiffs typically worked 45 to 55 hours per week for Defendant's benefit.  In particular, Defendant scheduled its ASMs for at least five 10-hour shifts each week.

33.     Defendant was aware that Plaintiffs and other ASMs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

34. Defendant failed to keep accurate records of the hours that Plaintiffs and other ASMs worked.

35. Defendant did not require Plaintiffs and other ASMs to clock in or out, or otherwise record their time.

36. The primary duties of Plaintiffs and other ASMs were non-exempt in nature. They performed the same duties as BBB's hourly employees who were entitled to overtime, including working on the register and customer service desk; performing general customer service; packing out shelves; and cleaning the store by taking out the trash, sweeping, and mopping.

37. Plaintiffs and other ASMs were closely supervised by their store managers and district managers, and followed common corporate policies and procedures that defined and circumscribed their work. Store and district managers were responsible for the overall performance of the store and making merchandising decisions.

38. Plaintiffs and other ASMs did not have authority to hire or fire employees, and their recommendations about hiring and firing were not given particular weight.

39. During the relevant period, Defendant uniformly classified ASMs as exempt from federal and state overtime pay requirements.

40. All of the work that Plaintiffs and other ASMs performed was assigned by Defendant and/or Defendant was aware of all of the work that Plaintiffs and other ASMs performed.

41. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

42. Defendant was aware, or should have been aware, that federal and state wage and hour laws required it to pay Plaintiffs and other ASMs overtime compensation for hours worked in excess of 40 per week.

43. Defendant was aware, or should have been aware, that Plaintiffs' and other ASMs' primary duties were providing customer service and manual labor, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

44. Defendant's failure to pay Plaintiffs and other ASMs overtime was willful. Defendant did not analyze whether Plaintiffs and other ASMs were properly classified as exempt or take other steps to ensure that their compensation practices with respect to Plaintiffs and other ASMs complied with federal or state law. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendant as ASMs at any store in the United States on or after July 11, 2014, who elect to opt in to this action (the "FLSA Collective").

46. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant was aware of all of the work that Plaintiffs and the FLSA Collective have performed.

47. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a.    willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

b.    willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

c.    willfully failing to record all of the time that Plaintiffs and the FLSA Collective have worked for the benefit of Defendant.

48.    Defendant was aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

49.    Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

50.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## ILLINOIS CLASS ACTION ALLEGATIONS

51.    The Illinois Plaintiff brings the Second Cause of Action, the Illinois Wage Law Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated persons who work or have worked for Defendant as ASMs in Illinois on or after July 11, 2014 (the "Illinois Class").

52.    Plaintiffs define the Illinois Class as follows:

All persons who have worked for Defendant as ASMs at stores in the State of Illinois at any time from three years prior to the date of filing of this Class and Collective Action Complaint through the date of final judgment in this matter (the "Illinois Class Period").

53.    Excluded from the Illinois Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned

- 8 -

and any member of the Judge(s)' immediate family; and all persons who submit timely and otherwise proper requests for exclusion from the Illinois Class.

54.     The members of the Illinois Class identified above are so numerous that joinder of all members is impracticable.  Although Plaintiffs do not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

55.     Upon information and belief, the size of the Illinois Class is at least 100 individuals.

56.     Defendant has acted or refused to act on grounds generally applicable to the Illinois Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Illinois Class as a whole.

57.     Common questions of law and fact exist as to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

      a.     whether Defendant violated the Illinois Wage Laws;

      b.     whether Defendant failed to compensate the Illinois Plaintiff and the Illinois Class for hours worked in excess of 40 hours per workweek;

      c.     whether Defendant misclassified the Illinois Plaintiff and the Illinois Class as exempt from the overtime requirements of the Illinois Wage Laws;

      d.     whether Defendant failed to keep true and accurate time records for all hours worked by the Illinois Plaintiff and the Illinois Class;

      e.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

      f.     the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class.

58. The claims of the Illinois Plaintiff are typical of the claims of the Illinois Class they seek to represent.

59. The Illinois Plaintiff and the Illinois Class members work, or have worked, for Defendant as ASMs and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek.

60. The Illinois Plaintiff and the Illinois Class members enjoy the same statutory rights under the Illinois Wage Laws, including the right to be paid overtime wages for all overtime hours worked. The Illinois Plaintiff and the Illinois Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Illinois Wage Laws. The Illinois Plaintiff and the Illinois Class members have all been injured in that Defendant has undercompensated them due to Defendant's common policies, practices, and patterns of conduct.

61. The Illinois Plaintiff will fairly and adequately represent and protect the interests of the members of the Illinois Class. The Illinois Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately. The Illinois Plaintiff recognizes that, as a class representative, she must represent and consider the interests of the Illinois Class just as they would represent and consider her own interests. The Illinois Plaintiff understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor their own interests over those of the Illinois Class. The Illinois Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class. The Illinois Plaintiff understands that in order to provide adequate representation, she must

remain informed of developments in the litigation, cooperate with class counsel, and testify, if required, at a deposition and/or trial.

62. The Illinois Plaintiff has retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Illinois Plaintiff and the Illinois Class members.

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Defendant damaged the members of the Illinois Class, and the Illinois Class is entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the damages individual members of the Illinois Class have suffered are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

64. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## NEW YORK CLASS ACTION ALLEGATIONS

65. The New York Plaintiff brings the Third and Fourth Causes of Action, the NYLL Claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated persons who work or have worked for Defendant as ASMs in New York on or after July 11, 2011 (the "New York Class").

66. Plaintiffs define the New York Class as follows:

> All persons who have worked for Defendant as ASMs at stores in the State of New York at any time from six years prior to the date of filing of this Class and Collective Action Complaint through the date of final judgment in this matter (the "New York Class Period").

67. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who submit timely and otherwise proper requests for exclusion from the New York Class.

68. The members of the New York Class identified above are so numerous that joinder of all members is impracticable. Although Plaintiffs do not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

69. Upon information and belief, the size of the New York Class is at least 100 individuals.

70. Defendant has acted or refused to act on grounds generally applicable to the New York Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New York Class as a whole.

71. Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a.    whether Defendant violated the NYLL;

    b.    whether Defendant failed to compensate the New York Plaintiff and the New York Class for hours worked in excess of 40 hours per workweek;

      c.      whether Defendant misclassified the New York Plaintiff and the New York Class as exempt from the overtime requirements of the New York Wage Laws;

      d.      whether Defendant failed to keep true and accurate time records for all hours worked by the New York Plaintiff and the New York Class;

      e.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

      f.      whether Defendant complied with the NYLL's wage statement requirement with respect to the New York Plaintiff and the New York Class;

      g.      whether Defendant failed to provide the New York Plaintiff and the New York Class with accurate wage statements; and

      h.      the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class.

72.      The claims of the New York Plaintiff are typical of the claims of the New York Class they seek to represent.

73.      Plaintiff and the New York Class members work, or have worked, for Defendant as ASMs and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek.

74.      The New York Plaintiff and the New York Class members work, or have worked, for Defendant as ASMs and have been subjected to their policy and pattern or practice of failing to provide accurate wage statements.

75.      The New York Plaintiff and the New York Class members enjoy the same statutory rights under the NYLL, including the right to be paid overtime wages for all overtime hours worked.  The New York Plaintiff and the New York Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.  The New York Plaintiff and the New York Class members have all been injured in that Defendant has undercompensated them due to Defendant's common policies, practices, and patterns of conduct.

76.     The New York Plaintiff will fairly and adequately represent and protect the interests of the members of the New York Class.  The New York Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately.  The New York Plaintiff recognizes that, as a class representative, they must represent and consider the interests of the New York Class just as they would represent and consider his own interests.  The New York Plaintiff understands that, in decisions regarding the conduct of the litigation and its possible settlement, he must not favor their own interests over those of the New York Class.  The New York Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class.  The New York Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel, and testify, if required, at a deposition and/or trial.

77.     The New York Plaintiff has retained counsel competent and experienced in complex class action employment litigation.  There is no conflict between the New York Plaintiff and the New York Class members.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  Defendant damaged the members of the New York Class and the New York Class is entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the damages individual members of the New York Class have suffered are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition,

class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

79.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

80.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81.     Defendant engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective and Class Action Complaint.

82.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

83.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

84.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

85.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

86.     At all relevant times, Plaintiffs and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

87.     Defendant failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

88.     Defendant's violations of the FLSA, as described in this Collective and Class Action Complaint, have been willful and intentional. Defendant failed to make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

89.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

90.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

91.     As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Illinois Wage Laws – Unpaid Overtime Wages**
**(Brought on behalf of the Illinois Plaintiff and the Illinois Class)**

92.     The Illinois Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     At all times relevant, the Illinois Plaintiff and the members of the Illinois Class have been employees and Defendant was an employer within the meaning of the Illinois Wage Laws. The Illinois Plaintiff and the members of the Illinois Class are covered by the Illinois Wage Laws.

94. Defendant employed the Illinois Plaintiff and the members of the Illinois Class as an employer and/or joint employer.

95. Defendant failed to pay the Illinois Plaintiff and the members of the Illinois Class wages to which they are entitled under the Illinois Wage Laws. Defendant failed to pay the Illinois Plaintiff and the members of the Illinois Class for overtime at a wage rate of one and one-half times their regular rate of pay.

96. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Illinois Plaintiff and the Illinois Class members, recording only 40 hours of work per week rather than the actual number of hours worked.

97. Due to Defendant's intentional and willful violations of the Illinois Wage Laws, the Illinois Plaintiff and the members of the Illinois Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment interest, two-percent interest per month in accordance with the Illinois Wage Laws, and such other relief as provided by law.

## THIRD CAUSE OF ACTION
### New York Labor Law: Failure to Pay Overtime Wages
### (Brought on behalf of the New York Plaintiff and the New York Class)

98. The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99. Defendant engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

100. At all times relevant, the New York Plaintiff and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the

NYLL. The New York Plaintiff and the members of the New York Class are covered by the NYLL.

101. Defendant employed the New York Plaintiff and the members of the New York Class as an employer and/or a joint employer in New York.

102. Defendant failed to pay the New York Plaintiff and the members of the New York Class wages to which they are entitled under the NYLL, Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

103. Defendant failed to pay the New York Plaintiff and the members of the New York Class for overtime at a wage rate of one and one-half times their regular rates of pay.

104. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiff and the members of the New York Class.

105. Due to Defendant's intentional and willful violations of the NYLL, the New York Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL § 198, interest, and such other relief as provided by law.

**FOURTH CAUSE OF ACTION**
**New York Labor Law: Failure to Comply with Notice and Recordkeeping Requirements**
**(On behalf of the New York Plaintiff and the New York Class)**

106. The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107. NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and, upon request of an employee, an explanation of the computation of wages.

- 18 -

108.    Defendant failed to comply with the notice and record keeping requirements of NYLL § 195(3), resulting in penalties under NYLL § 198(1)(b) and 198(1)(d) for New York Plaintiff and the New York Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action to the FLSA Collective members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA, Illinois Wage Laws, and/or NYLL, and the supporting regulations;

C.    Pre-judgment interest and post-judgment interest as provided by law;

D.    Appropriate equitable and injunctive relief to remedy violations, including an order enjoining Defendant from continuing its unlawful practices;

E.    Certification of the Illinois Class and New York Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.    Designation of the Illinois Plaintiff as Class Representative for the Illinois Class;

G.    Designation of the New York Plaintiff as Class Representative for the New York Class;

H.    Designation of Plaintiffs' counsel of record as class counsel;

I.    A reasonable incentive award for Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other ASMs, and the risks they have undertaken;

- 19 -

J.      An award of damages and appropriate statutory penalties pursuant to the NYLL;

K.      Attorneys' fees and costs of the action; and

L.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 11, 2017

Respectfully submitted,

   /s/ *Justin M. Swartz*

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael J. Scimone*
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

Paul W. Mollica
161 N Clark Street, Suite 1600
Chicago, IL 60601
Telephone: (312) 809-7010

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
1515 S. Federal Hwy
Boca Raton, Florida 33432
Telephone: (561) 447-8888

Michael J. Palitz*
830 3rd Avenue, 5th Floor
New York, New York 10022
Tel:    (800) 616-4000

**SHULMAN KESSLER LLP**
Troy L. Kessler*
Garrett Kaske*
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100

***Attorneys for Plaintiffs and the Putative Classes and Collective***

*\*Pro hac vice* motion forthcoming